Filed 1/16/15  P. v. Kelly CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C074486 |
| Plaintiff and Respondent, | (Super. Ct. No. SF084590A) |
| v. | |
| JOSEPH FREDERICK KELLY, | |
| Defendant and Appellant. | |

Defendant Joseph Frederick Kelly appeals from an order denying a petition to recall his so-called "three strikes" sentence of 25 years to life, brought pursuant to the provisions of the Three Strikes Reform Act of 2012, codified at Penal Code section 1170.126.[1]  (See *Teal v. Superior Court* (2014) 60 Cal.4th 595.)

Defendant's petition to recall his sentence and for resentencing was denied, defendant having admitted personally using or being armed with a deadly weapon in the

---

[1] Undesignated statutory references are to the Penal Code.

1

course of the commitment offense. (See §§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2).)

Counsel was appointed to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant timely filed a supplemental brief, arguing first that there was not substantial evidence that the knife was used as a weapon. Having admitted the weapons enhancement, defendant is precluded from denying the knife was a deadly weapon. (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1364.) Defendant's other argument is that the weapons enhancement had been stricken at the time he waived preliminary hearing. However, the information was thereafter amended to again include the weapons enhancement at the time of plea, when the robbery charge was reduced to grand theft, and defendant then admitted the weapons enhancement.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment (order) is affirmed.

RAYE , P. J.

We concur:

BLEASE , J.

NICHOLSON , J.

2